## CINCINNATI STREET RAILWAY CO. v. WM. JENKINS.

**1. NEGLIGENCE—INSTRUCTIONS TO JURY.**

In a suit for personal injuries, resulting from negligence, the defendant is entitled to have the jury instructed that if the negligence of both parties contributed " directly," which is equivalent to " proximately," to the injury complained of, the plaintiff is not entitled to recover.

**2. INSTRUCTIONS AS TO PROXIMATE CAUSE.**

Where the evidence tends to show that the plaintiff was himself negligent, the jury should be clearly instructed that before plaintiff can recover it must be shown that the proximate cause of the injury was the negligence of the defendant after he became aware, or should have become aware, of the plaintiff's peril. And a charge which makes no distinction as to whether the negligence of the plaintiff contributed directly or remotely to the injury, or whether it arose before or after the plaintiff was placed in a position of danger, is held to have been misleading.

**3. PLAINTIFF'S NEGLIGENCE DEFEATING RECOVERY.**

Where the evidence showed that the plaintiff, driving a vehicle, and a street car of defendant company running at a lawful rate of speed, were travelling close together in the same direction for some distance, and that plaintiff suddenly, without warning or precaution, turned to cross the track on an intersecting street, when the car was but fifteen feet away, the motorman being unable to avoid a collision, the court held that plaintiff's negligence should defeat his recovery.

HEARD ON ERROR.

SMITH, J.

One of the principal grounds urged by counsel for plaintiff in error for the reversal of this judgment is, that the trial judge refused to give to the jury, before the argument of the case, certain specific written charges which had been submitted to him for that purpose and that he was thereby prevented from arguing to the jury the facts in the case in the light of the law, as it should have been presented to the jury before the argument commenced.

The record in this case simply shows that at the close of the testimony in the case, the "counsel for the defendant requested the following special charges to be given;" then follow ten special charges, all of which were refused, and to the refusal to give each one, the counsel for the defendant excepted. But it does not appear that the court was asked to give these charges to the jury before the argument, or that the court refused to do so, or that any exception was taken to the action of the court in refusing to give them, or either of them before the argument. From all that appears, it was just a case where counsel present certain charges to be given by the court when giving the general charge to the jury at the close of the argument, While it is held in Village of Monroeville v. Root, 54 Ohio St., 523, that it is the right of a party to have correct written instructions given before argument when properly asked, it is also held that to constitute error as to this, the record must affirmatively show that the court was requested to give such instructions before the argument and that its refusal to do so was the subject of an exception.

Railway Co. v. Jenkins.

We are of the opinion that several of the charges so asked to be given were sound law and applicable to the case, and should have been given to the jury as asked, or in other language which stated substantially the same proposition of law. We understand it to be conceded that this was substantially done in this case when the charges asked were proper, except as to No. 4. This reads as follows:

"If the jury find from the evidence that the plaintiff and defendant were both negligent, and that the negligence of both contributed directly to cause the injury complained of in this case, then your verdict should be for the defendant."

We are not unmindful of the doctrine of the law abundantly sustained by authority, which is a limitation on the general doctrine that a person may recover in an action damages for injury to himself occasioned by the negligence of another, notwithstanding the fact that his own negligence exposed him to the risk of injury (and thereby in a sense contributed to his own injury), if the other party, after he became aware, or ought to have become aware of his danger, either willfully injured him, or failed to use ordinary care to avoid injury to him, and did so injure him.

But it seems to me that the charge asked for and refused excludes the idea of any such case as this. It simply calls for the annunciation to the jury of the well-settled rule of the law that where the negligence of both parties directly contributes to the injury of the plaintiff, that he can not recover; for in my judgment the words "contributed directly to cause the injury" are the equivalent to the words "proximately contributes to the injury," as used in the syllabus of Railway Co. v. Kassen, 49 Ohio St., 230, cited in the memorandum of Judge Giffen; and the defendants in this case, therefore, had a right to have the court say to the jury that if the negligence of both parties directly contributed to the injury, or both proximately contributed thereto, that plaintiff was not entitled to recover.

There can be no question, though, but that the trial court was not bound to give the charge in the language used by defendant's counsel, but might give it substantially in other language, and if the evidence justified it, go further and state to the jury the rule as to "the more proximate cause," as stated in the case last referred to and in many other cases.

The question then recurs, whether the court having refused to give this special charge to the jury (which, I think, ought to have been given,) gave it in substance, or whether there were such qualifications made to it as in effect stated a different rule to the prejudice of the defendant.

It may be said that the charge given by the court upon this subject is quite lengthy and in some particulars is not so clear and explicit as it ought to be. In some parts of it, language was used which would seem to be sufficient to convey to the minds of the jury the doctrine of the law expressed in the special charge asked for. For instance, he says:

"The proximate cause is that cause which is immediately operative, without the intervention of any other. Now, if the parties were mutually to blame—were equally at fault, so that you would be entitled from the evidence to say that the proximate cause was the act of both, then the plaintiff could not recover."

Again:

"And if it should be your judgment that the mutuality or fault was such that the conduct of both parties was the proximate cause of this

accident, the plaintiff can not recover, and your verdict will be for the the defendant,"

But the paragraph last quoted is immediately followed by this:

" But, gentlemen of the jury, on the other hand there is another rule of law which applies even in cases where both parties are to blame where the conduct of both has contributed to the accident, and that is this: If the circumstances are such, that, notwithstanding the negligence of the plaintiff, the defendant could, by the exercise of ordinary care have avoided the accident, then, notwithstanding the negligence of the plaintiff, the plaintiff can recover. * * * * So if it be your judgment that the defendant was negligent, and the plaintiff was negligent, but that the defendant, by the use of such care as I have described could have avoided the accident, notwithstanding the plaintiff's negligence, then your verdict will be for the plaintiff.

It seems to me that these paragraphs from the charge state the rule altogether too strongly against the defendant below, and if such is the law, that there are very few cases where a plaintiff would not be entitled to recover, even though he had been guilty of negligence himself directly contributing to the injury. There should have been some limitation in the language used, for instance to the effect that although the plaintiff had originally been negligent, for instance in driving on the track, or in suddenly attempting to drive across it in the face of a near and rapidly approaching car, and his danger was discovered by the motorman, or should have been so discovered in the exercise of due care, and that he then failed to use proper care to prevent injury, that in such case the plaintiff might recover. But there was no such limitation, and the jury might well have concluded from this part of the charge that the plaintiff was entitled to recover, even if his own negligence had proximately contributed to the accident, though this certainly could not have been the meaning of the trial judge.

The defendant's counsel having excepted to the whole charge, as they had a right to do in this case, under the recent statute, I am of the opinion that there was error in the charge of the court prejudicial to the defendant and that for this reason also the judgment should be reversed.

GIFFEN, J.

I concur in the judgment of reversal, but prefer to base it on error in the court charging the jury as follows:

" There is another rule of law which applies even in cases where both parties are to blame, when the conduct of both has contributed to the accident, and that is this: If the circumstances are such, that, notwithstanding the negligence of the plaintiff, the defendant could, by the exercise of ordinary care have avoided the accident then nothwithstanding the negligence of the plaintiff, the plaintiff can recover."

The plaintiff alleges in his petition that the defendant was negligent in running its car at an unlawful and dangerous rate of speed and failed to sound the gong, either of which may have been a proximate cause of the accident. There was testimony tending to prove that the plaintiff, without looking or listening for an approaching car, suddenly turned his horses onto the track for the purpose of crossing it and thereby contributed directly to his injury.

The jury may well have found, under this charge, that the defendant was liable by reason of a failure to exercise ordinary care in avoiding the

accident, by running the car at a lawful rate of speed, or by sounding the gong, although the plaintiff by his concurring negligence contributed to his injury.

There is no averment in the petition that after the plaintiff placed himself in a position of peril, the defendant knew or ought to have known of it, and perhaps it is not necessary; but if the testimony tended to prove such fact the jury should have been instructed that such circumstance required the defendant to use ordinary care to avoid the accident, and that a failure to do so would make it liable, notwithstanding the negligence of plaintiff.

In Railroad Co. v. Kassen, 49 Ohio St., 230, the third proposition of the syllabus is as follows:

" The rule, that the negligence of the injured party, which proximately contributes to the injury, precludes him from recovering, has no application where the more proximate cause of the injury is the omission of the other party, after becoming aware of the danger to which the former party is exposed, to use a proper degree of care to avoid injuring him."

The charge makes no distinction as to whether the negligence of the plaintiff contributed directly or remotely to the accident, nor does it specify any circumstance, or whether it arose before or after the plaintiff was placed in a position of danger, that would require the defendant to exercise care to avoid the accident, hence the instruction was misleading.

SWING, J.

This case is in this court on error to the judgment of the court of common pleas. In that court Jenkins recovered a judgment against the street railroad company for $3,500, on account of injuries received in a collision between a vehicle which Jenkins was driving and one of the cars of said company at Ridgeway and Main avenues, in Avondale.

While there is a conflict of evidence, we think the manifest weight of the evidence clearly shows that Jenkins was driving his vehicle on the east side of Main avenue, going north between the railroad tracks and the curb until he got opposite Ridgeway avenue, when he suddenly turned to the left, crossing the street car tracks right in front of the car which was approaching. The evidence of Jenkins and Miss Harmon and William Carter is to the effect that Jenkins was driving with the left wheel between the tracks, but the evidence of Dr. Adams, Miss Rau, Albert Frazier, the motorman and the conductor and Mrs. Harmon is to the effect that Jenkins was driving east of the east rail. The evidence of Dr. Adams and Miss Rau is very clear and convincing on this point. We can not understand how these witnesses could have been mistaken; they were in a position to observe accurately the position of Jenkins. They testify as to facts that must have happened as they relate them or else they are telling willful falsehoods; and we see absolutely no reason to think that the witnesses are not truthful. The motorman and the conductor may be said to be interested, but their statements seem to be reasonable and straightforward and are borne out in every important particular by Dr. Adams, Miss Rau, Mrs. Harmon and Frazier.

While Jenkins undoubtedly had a perfect right to drive between the tracks, still if he was a careful and prudent driver, he would not, under the circumstances, be expected to drive this distance between the tracks. The curtains of his carriage were down, and he could not observe an approaching car without some exertion, and he was at a point on the

tracks when he had every reason to think a car might come up to him. When he came to Main avenue he did not immediately go on the track, but drove on the east side of the track until he came to a point where the street was obstructed in such a way that he was compelled to go on the track to get around the obstruction, and it is reasonable to think that being a prudent driver, that having 800 or 900 feet to go before leaving the street, that he would, after passing the obstruction, resume his position outside of the tracks. There was nothing in the way to prevent him doing this, and it was the safest place for him to be in; and whatever presumption would arise from this goes to confirm the direct evidence of the witnesses referred to.

We think there can be no question but what the evidence shows that the car and the vehicle were traveling north for quite a distance just previous to the collision, close together, and that the collision was caused by Jenkins turning his horses from their course north to a westerly course to go out on Ridgeway avenue. We see nothing in the evidence that tends to show that the motorman had any willful intention to run Jenkins down. What we think the evidence clearly shows is that Jenkins was driving north on the east side of the track, and that when opposite Ridgeway avenue he suddenly turned his vehicle across the track of the street railroad; that at the time he turned to cross the track the street car was but fifteen feet away and that the motorman was not able to stop his car before the collision occurred. We are unable to see wherein the motorman was negligent, and this the burden was on the plaintiff to prove. There was no negligence in the speed of the car. There was nothing to indicate that Jenkins was going to turn upon the track at the point where he did turn until just at the time he commenced to go on the track, and the car was so near him that it could not be stopped in time to prevent the collision, and there was nothing to show that the motorman was not justified in running his car so close up to Jenkins' vehicle.

The accident, it seems clear to us, was caused by the negligence of Jenkins in attempting to cross the street car track in front of a car that was so close and going at such a rate of speed that it was impossible to stop the car before a collision took place. The street was clear and there was nothing to prevent Jenkins from driving along said street in a proper and safe place, and there was nothing to prevent Jenkins from ascertaining at the time he crossed the track whether there was any danger of a collision with an approaching car; but he did not seem to have taken any such precaution, and there being nothing in the evidence to warn the motorman that Jenkins would, when he got to Ridgeway avenue, turn his vehicle across the track, and it being clear that there is nothing to show that the motorman intended to willfully run him down, we can see no negligence in the case except that of Jenkins, which to us is clear and manifest; and said judgment should be reversed, because it is not sustained by the evidence.

*James R. Foraker*, for the Street Railway Co.

*D. W. Cordell* and *Frank H. Kemper*, contra.